Georgietta Corbesero
vs.  No. 83401.
United Electric Railways Co.

February 27, 1931.

CAPOTOSTO, J. Georgietta Corbesero and her husband, Edward Corbesero, brought two separate actions for personal injuries suffered by each in a collision between an automobile, driven by a friend of the plaintiffs, and an electric car at the corner of Commodore street and Branch avenue in the City of Providence after midnight of August 8, 1928. The cases were tried together and a verdict for the defendant was returned in each case. The husband rests contented with the decision, but the wife claims that she should be granted a new trial.

The testimony of the two cases is so interwoven as to affect both cases. The automobile in question was a Dodge coupe. The driver was a Mr. Norton. To his right in the coupe sat Mrs. Norton. Miss Norton and the two plaintiffs rode on the running-board. The testimony was conflicting as to the relative position of Mr. and Mrs. Corbesero. None of the Nortons appeared as witnesses at the trial. Mr. Corbesero insists that he rode on the left running-board, with Miss Norton in front of him. Mrs. Corbesero stated that she stood on the right running-board with her left elbow thrust through the window of the door for support. She maintained that there was no one in front of her on the right running-board. All the other evidence on this point was that Mr. Corbesero stood on the right running-board, directly in front of his wife, and facing the interior of the car. As the automobile laden in this manner turned the corner of Commodore street it came into a head-on collision with an electric car of the defendant company.

The question of the defendant's negligence is a debatable proposition. As usual it rests upon distances, speed, opportunity of observation and so on. Assuming, without going into further details, that the motorman was negligent, there still remains the important issue of the plaintiff's due care. In withdrawing his case from any further proceedings, the husband cannot destroy the effect of his testimony upon his wife's claim for a new trial. The credible testimony clearly establishes that Mr. Corbesero was on the right running-board directly in front of Mrs. Corbesero. He placed himself on the left running-board for obvious reasons. If he succeeded in making the jury believe this, he would have put himself in a position of being able to look over the head of a young girl, and would have freed his wife from any obstruction in front of her. But the jury did not believe him; neither did the Court. The motion for a new trial was argued by the plaintiff upon the continued assumption that Mrs. Corbesero was alone on the right running-board. The established facts contradict this assumption and place her husband directly in front of her at the time of the accident.

The Court has carefully reviewed the testimony in the light of Mrs. Corbesero's present claim. It finds that the reliable testimony in the case establishes that Mrs. Corbesero voluntarily placed herself in an exposed position on the automobile, that her view was obstructed from the time she got on the running-board to the time of collision, and that she used no care for her own safety. The jury's verdict for the defendant is sound.

Plaintiff's motion for new trial denied.

For plaintiff: Greenough, Lyman & Cross.

For defendant: Clifford Whipple, E. A. Sweeney.